## DESKIN v. GRAHAM.

1. Stamps: DEPUTY COLLECTOR. A deputy collector has power, during the sickness or temporary disability of the collector, to stamp unstamped instruments executed without any intent to defraud the United States of the stamp duty, and when he exercises such power, in the absence of affirmative evidence to the contrary, such disabillity will be presumed.

*Appeal from Monroe District Court.*

TUESDAY, JANUARY 23.

The facts are stated in the opinion of the court:

*Perry & Townsend* for the appellant.

*J. W. Robb* for the appellee.

LOWE, Ch. J. — This is a replevin suit, commenced in a justice's court for a hog, in which the plaintiff recovered ₛₜₐₘₚₛ:     the property, and the defendant appealed to the ᵈᵉᵖᵘᵗʸ ᶜᵒˡⁱᵉᶜᵗᵒʳ· District Court, without affixing a revenue stamp to any of the papers or transcripts constituting the appeal. For this reason the plaintiff moved to strike the cause

from the files of the court. The defendant asked, and obtained permission to amend, and thereupon a revenue stamp was affixed to the appeal bond, accompanied with the following statement, made by the deputy collector: "I have this day affixed the proper stamp to this bond, and being satisfied that the same was not omitted to be stamped at the time of making the same, with the intent to defraud the United States of the stamp duty, I hereby remit all penalties. May 16th, 1865. W. F. COWLES, Col. 4th Dist. of Iowa, by DAVID MILLS, Dep'ty Collector."

If Cowles, the principal collector, had affixed the stamp, and made the above statement, it is conceded that it would have validated the bond, and rendered the appeal unobjectionable for a want of a stamp. But the competency of David Mills, the deputy, to do so is denied, and this is the question to be settled in this case.

The revenue act confers upon collectors the power to appoint one or more deputies, and each such deputy, the act provides, " *shall have the like authority in every respect to collect the duties and taxes levied and assessed within the portion of the district assigned to him, which is by this act vested in the collector himself.*" Again the same act provides, "*that in case of sickness or temporary disability of a collector, the duties may devolve on one of the deputies.*"

Under this last provision, if not included in the first, we think the power of the deputy to stamp unstamped instruments may be legitimately exercised, unless it should affirmatively appear from the record, or in the evidence, that the disability of the collector from sickness or otherwise did not exist; but it does not so appear, and for all we can know, the very contingency under which the power would arise may have occurred.

Affirmed.