## Doud v. Wright.

1. **Stamps:** APPEAL FROM JUSTICE. An omission to affix a stamp to the appeal bond at the time of the taking of the appeal from a justices' court, is not a sufficient cause for the dismissal of the appeal, if, before trial, the

proper stamp is affixed with the permission and under the order of the revenue collector. *Deskin* v. *Graham*, 19 Iowa, 553.

2. **Order of collector:** Nor need such order of the collector set out all the facts of which the law requires him to be satisfied before granting the same.

### *Appeal from Dubuque District Court.*

### FRIDAY, JUNE 14.

PLAINTIFF recovered judgment against the defendant before a justice, April 23, 1866, and defendant appealed, filing an appeal bond which was duly approved, May 4, 1866, but there was no revenue stamp affixed to the same, nor to any part of the transcript or record. On the 15th of June, plaintiff moved to dismiss the appeal for want of said stamp, and, on the same day (but whether before or after the motion was made does not appear), the collector of revenue made this indorsement on said bond: "Being fully satisfied that the stamping of this instrument was omitted through inadvertence, I have caused the same to be properly stamped," which was dated and signed in due form; June 20, the motion was heard and continued, and afterward, at the February term, 1867, was sustained. Defendant excepted and appeals.

*B. W. Poor* for the appellant.

*T. S. Wilson,* and *John Doud, Jr.,* for the appellee.

WRIGHT, J.—The court below erred in dismissing the appeal. The case of *Deskin* v. *Graham* (19 Iowa, 553), 1. STAMPS: appeal from justice. in effect holds that the act of the collector validated the bond, and of the correctness of this ruling we entertain no doubt. The act of 1865 provides that the instrument thus indorsed shall thereupon be deemed and held to be as valid to all intents and purposes as if stamped when made or issued. Than this,

no language could be clearer, and we are disposed to give a liberal rather than a strict construction, the better to effectuate justice and carry out the reason and policy of the law.

The collector is to be satisfied that the failure to stamp was through inadvertence, etc., and without any willful design to defraud, etc.; but it is not necessary that he should state these facts in the order allowing the stamp to be affixed. Nor does it make any difference that the stamp was affixed after the motion was made, even if it was true, which is by no means clear from the record. It was undeniably so affixed in the case above cited (19 Iowa, 553), and yet was held good.

2. —— order of collector.

There is no suggestion in the record that the bond was, without permission, taken from the files to obtain this indorsement. We find it duly indorsed, and cannot presume that it was done otherwise than regularly and at the time stated. The simple question is, whether, after the bond was thus stamped, it thereby became as valid as when made. As we have seen, this is the language of the law, and our plain duty is to give it effect.

Reversed.