### BROWN v. CRANDAL.

1. **Stamps: DEPUTY COLLECTOR.** A deputy revenue collector has no power to remit penalties, and stamp instruments that have been left unstamped by inadvertence or mistake, except when, in the sickness or inability of the collector, he acts by special authority in his place.

2. —— **SPECIAL AUTHORITY NOT PRESUMED.** And such special authority will not be presumed in the stamping of an appeal bond, where leave of court has not first been obtained, and the certificate of the deputy is not authenticated by the seal of the collector.

3. —— **HOW AUTHENTICATED: CASE DISAPPROVED.** *Semble,* that unless the act of the deputy is authenticated with the official seal of the collector, or the sickness or inability of the collector is shown by evidence *aliunde* and that the deputy was authorized to exercise, for the time being, the power in question, the same should be treated as a nullity. The case of *Deskin* v. *Graham* (19 Iowa, 553) disapproved.

*Appeal from Van Buren District Court.*

WEDNESDAY, JULY 31.

SUIT before a justice of the peace, in replevin, for a hog, judgment for the defendant, and plaintiff appealed to the District Court, where the defendant moved to dismiss the appeal, because there was no United States revenue stamp on the appeal bond or other paper in the appeal. After this motion was filed, and before the same was heard, C. W. Shepherd, deputy collector, affixed a fifty-cent revenue stamp to the appeal bond, and made the following indorsement thereon:

"I have this day affixed the proper stamp to this bond, and being satisfied that the same was not omitted to be

stamped, at the time of making the same, with the intent to defraud the United States of the stamp duty, I hereby remit all penalties, this 7th day of March, 1867.

"(Signed) WM. W. BELKNAPP,
*Collector, 1st·Dist., Iowa.*
"Per C. W. SHEPHERD,
*Deputy Collector.*"

The court held that this made valid the appeal, and overruled the motion, to which the defendant excepts.

*Knapp & Wright* for the appellant.

*Jos. F. Smith* for the appellee.

LOWE, Ch. J. — Upon a closer examination of the provisions of the United States revenue act, and the regula-

1. STAMPS: deputy collector.

tions of the commissioner for carrying the same into effect, we are satisfied that a deputy collector by virtue of his ordinary duties as such, has no power to remit penalties, and to stamp or authorize the stamping of instruments or appeal bonds, when they were left unstamped from inadvertence or mistake, except, when, from the inability or sickness of the collector, he acts by special authority in his place.

But how is the court to know that this special power has been devolved upon the deputy? Unquestionably,

2. —— special authority not presumed.

the best evidence would be the collector's official seal, affixed to the certificate which remits the penalty, and shows the ground upon which the stamp has been subsequently affixed to the instrument. While the government does not furnish deputies with a seal, it does do so to the collectors, with which all their acts, of the dignity and importance of the one under consideration, should be, and we presume generally are, authenticated.

In the absence of this seal, or any other affirmative statement or evidence that the deputy was acting for the collector in the particular case, it may be questioned whether it would be safe to act upon the presumption that the deputy was so specially authorized to act in the premises, more particularly when it is done without any leave or permission of the court first had and obtained. In this case no such leave was asked or granted. If it had been, we might, perhaps, presume in favor of the regularity of the deputy's acts, as we did do in the case of *Deskin* v. *Graham* (19 Iowa, 553). Nevertheless, we are not entirely satisfied with the rule there laid down.

We are inclined to think it too broadly stated, and that it would be safer and better, under the revenue act defin-

3. —— how authenticated: case disap-proved. ing the relative duties and powers of the collector and his deputies (as we now appprehend it), and the regulations of the department which require the collector alone to make monthly returns of all such cases, to hold, that, unless the act of the deputy in the particular case is authenticated with the official seal of the collector, or it is shown by sufficient evidence *aliunde* that the collector was sick or otherwise unable to act at the time, and that he was authorized for the time being to exercise the power in question, the same should be disregarded and treated as a nullity.

Tested by this rule, rather than the one laid down in the case of *Deskin* v. *Graham* (*supra*) (but which is distinguishable, to be sure, from this in the matter above indicated), we think the ruling of the court below upon the motion was erroneous, and that the motion should have been sustained, and the appeal dismissed.

Reversed.