McAfferty v. Hale.

---

## McAfferty v. Hale.

1. **Stamps:** CANCELLATION BY DEPUTY COLLECTOR: CASE FOLLOWED. The case of *Brown* v. *Crandall* (23 Iowa, 112), as to the want of power in a deputy revenue collector to remit penalties and permit the post-stamping of instruments that have been left unstamped, followed.

2. —— PAROL EVIDENCE: WHEN INSTRUMENT IS VOID. Where a written instrument is void for want of a stamp, the original con-

tract remains unaffected thereby, and may be proven by parol, if not within the statute of frauds.

3. Contract: QUANTUM MERUIT. Where a contract for the rendition of services has been abandoned, the person rendering the service is entitled to recover such compensation as may be reasonable, in the place of what he would have received by the terms of the contract.

4. Supreme Court: JUDGMENT. Under sections 3122, 3123 and 3536 of the Revision, it is competent for the Supreme Court, in reversing a case, to order that the new trial shall extend only to defendant's cross-action, in connection with which the error occurred, and that the judgment establishing plaintiff's claim remain undisturbed.

## Appeal from Washington District Court.

### TUESDAY, MAY 5.

IN this action plaintiff seeks to recover a balance due for hogs purchased for and delivered to defendant, upon a parol contract, and on an account for money advanced and services rendered. The answer is in denial. Defendant also pleads payment, and claims by his cross-action $254.35 as damages for the breach of a written contract. Replication in denial of this cross-action, and averring that said contract had been rescinded.

Upon the trial, defendant excepted to certain rulings which excluded testimony to establish his cross-action, and also to the giving of two instructions asked by plaintiff. Verdict and judgment for plaintiffs, and defendant appeals.

*H. & W. Scofield* for the appellant.

*McJunkin & Henderson* for the appellee.

1. The deputy collector has no authority to stamp an instrument. *Brown v. Crandall*, 23 Iowa, 112.

2. To cure an unstamped instrument, it must be stamped by the collector himself, and it must appear that the penalty has been paid or remitted. Id.

McAfferty v. Hale.

3. The terms of an unstamped contract cannot be shown by parol evidence. 3 Parsons on Contracts, 300, 346, 347; *Rex* v. *Rowden*, 8 B. & C. 708.

4. The motion for leave to amend pleadings, is addressed to the discretion of the court, and unless that discretion has been abused an appellate court will not interfere. *Rees* v. *Leech*, 10 Iowa, 439; *Hatfield* v. *Garmo*, 15 id. 179; *Dutton* v. *Thornton*, id. 217; *Brockman* v. *Berryhill*, 16 id. 183; *State ex rel. Floyd* v. *Mayor of Keokuk*, 19 id.

5. It is not abuse of the court's discretion, to refuse to allow an amendment by way of cross-action. *Brockman* v. *Berryhill*, 16 Iowa, 183.

6. The court may refuse an amendment to a pleading which could not, from the nature of the case, be proved. *Abbott* v. *Chase*, 14 Iowa, 453.

7. It is proper for the court to refuse to allow an amendment when such refusal could not prejudice the interests or rights of the party asking it.

8. A party cannot be prejudiced by being refused privilege to amend by way of cross-action.

WRIGHT, J.— The written contract upon which defendant claims to recover in his cross-action is, so far as material to the understanding of the questions raised, as follows:

"Received, Washington, Iowa, Dec. 25, 1865, of J. B. Hale, three hundred dollars, as part payment on two hundred head of well fatted hogs, which I agree to deliver the latter part of next week to him, in Washington; he paying me at the rate of, etc., * * and also twenty-five cents per head commission. And I am to buy dressed hogs, and deliver at, etc. * *

"JAMES McAFFERTY."

Defendant avers in his petition, that he has at all

times been ready to receive the hogs that plaintiff neglected and refused to deliver the number specified, and that those actually delivered were not according to the contract, wherefore, etc.

When the instrument was offered in evidence, it appeared that it was originally stamped with a two-cent revenue stamp, never properly canceled; and that afterward, at defendant's instance, a five-cent stamp had been affixed, and canceled by the deputy collector and the penalty remitted. Because it was not properly stamped it was, upon plaintiffs' objection, excluded as evidence. Defendant then proposed to prove a parol contract, the substance of which was contained in the writing, and the same which was thus reduced, and not other or different.

1. STAMPS: cancellation by deputy collector: case followed.

This was objected to, because no such parol contract was alleged in the answer, and the testimony excluded. Thereupon defendant asked leave to amend his answer, so as to set out and claim upon such parol contract. To this plaintiff objected, because, the contract having been reduced to writing, and being void for want of a stamp, plaintiff was not bound either by the parol or written contract, and because parol evidence was not admissible to prove what the parties had reduced to writing. The objection was sustained and the amendment refused.

As the pleadings stood, it was not competent to prove by parol that which was alleged to be in writing. The instrument was not properly stamped, and, therefore, inadmissible. It was not a receipt merely.

This was not a subordinate part of the writing, merely preparatory, so to speak, to its main object and purpose. The two-cent stamp was, therefore, insufficient, without touching the method of its cancellation, or the effect thereof, upon the writing as an instrument of evidence. And as the deputy collector had no power to affix and

McAfferty v. Hale.

cancel the five-cent stamp (*Brown* v. *Crandall*, 23 Iowa, 112), it follows that there was no error in excluding the evidence offered. See upon this subject, 3 Parsons on Contracts, 346.

Upon this part of the case, therefore, it only remains to inquire whether there was error in refusing the amendment. And here it is to be observed that the leave was refused, not because of the time the amendment was offered — that this question does not rest in discretion — but because, the contract having been reduced to writing, and being void for want of a stamp, plaintiff was not bound thereby whether it should be treated as existing in parol or in writing. And thus we have, for the first time in this State, a question of no little practical importance. For while it is true that the court might most properly refuse an amendment which, from the very nature of the case, could not be proved, yet the very question to be here determined, as the record stands, is whether, under a proper amendment, the evidence would have been admissible.

Both upon reason and authority, we think the court erred in this ruling. The language of the act is, that the *instrument* " shall be deemed void and of no effect." The English statute is, " shall not be pleaded or given in evidence in any court, or admitted in any court to be good, useful and available in law or equity." It will thus be seen that they are substantially the same, and that neither declare the *contract* invalid. Applying the recognized rule that the statute, being penal in its nature, is to be construed strictly, there can be no warrant for so construing it as to include the contract as well as the instrument. The writing itself can neither give a right nor create an obligation — it cannot be used as an instrument of evidence, but the original contract remains unaffected; and if, by the rules of law, it is such as may be

*2. —— parol evidence: when instrument is void.*

shown by parol, the attempt to reduce it to writing will not exclude the evidence. It would not be proper to prove by parol the contents of the invalid writing, nor to prove a contract which the law requires to be in writing, as by the statute of frauds, but as in this case the unstamped instrument was a nullity, in no manner extinguishing the original obligation, the latter remained in full force, and could be shown by parol.

And to that effect are the authorities. The doctrine is found in almost the language above used in 2 Parsons on Notes and Bills. And under the English act it has been held, that plaintiff may prove his original debt where the bill given in his discharge is invalid for want of a stamp. *Brown* v. *Watts*, 1 Taunton, 352. And to the same effect, *Wilson* v. *Kennedy*, 1 Esp. 345. In *Alrees* v. *Hodgson* (1 Term. 241), plaintiff could not recover upon the written contract, which was void for want of a stamp; but was permitted to do so on a general count. And see *Wade* v. *Beasly*, 4 Esp. 7.

We come, then, finally, to the instructions of which defendant complains. And these may be disposed of in a few words.

There was testimony tending to show that plaintiff paid to defendant's agent $200, and this claim defendant controverted. On this subject, the instruction was, that the jury must determine whether the $200 was paid, from a prepondence of evidence; that if it preponderated on side of plaintiff, then this item has been established. The objections made to it in the court below and here are, that no such claim is made in the petition, and that the evidence might preponderate in showing that the $200 was paid, and still the claim not be established.

The first part of the objection would have been more appropriate if urged against the evidence when offered to sustain this item. Nothing of this kind was done,

McAfferty v. Hale.

however. But, aside from this, there is an item of $600 paid to the agent, and we infer from other parts of the charge that the parties differed as to whether a particular $200 of this $600 was paid, and if so, whether it had been included or omitted in a subsequent settlement.

Appellant's second objection is technically correct for it certainly would not necessarily follow, in every case and under all circumstances, that proof of paying over the money to one claimed to be the agent of another, would establish the claim. But the agency of the person receiving the money in this case was not controverted.

The plain and obvious meaning of the charge was — leaving out of view the question of agency, that of settlement and all other matters — that, as to the matter of payment, it was to be determined from the weight or preponderance of evidence. This is most abundantly shown by the other parts of the instructions which submit the matter to the jury in a very clear, unambiguous and fair manner.

The other instruction objected to, without setting it out at length, was to the effect that, if plaintiff was to 3. CONTRACT: purchase and deliver hogs at the specified quantum meruit. price per hundred, and if defendant received the hogs, paying for the same to the original owner, the defendant cannot claim that the average weight was too light, and plaintiff would be entitled to recover a reasonable compensation for his labor in and about the purchase and delivery of the hogs. The objection, and the only one we are to consider, made to it, was, that, if plaintiff agreed to purchase and deliver at so much per hundred, he cannot claim an additional compensation for his labor. Ordinarily, and indeed generally, if not universally, this would be true. But the instruction goes upon the theory of an abandonment of the original contract — a theory which finds support in the pleadings and

other parts of the instructions, and upon this basis it is clearly without objection. What would be evidence of an abandonment is another thing, and with this we have nothing to do.

We have only to consider plaintiff's rights if such abandonment was shown. And if shown, the instruction does not, as defendant claims, allow him additional compensation, but only that which is reasonable, in the place of what he would have received by the terms of the contract, if that had been carried out. And to this there certainly can be no valid objection.

For the error in refusing the proposed amendment of the defendant's answer, the cause is reversed and remanded. But, as the error relates alone to the cross action, in no manner restricting plaintiff's recovery upon his cause of action, the new trial will only extend to defendant's demand, which he was thus prohibited from attempting to establish.

4. SUPREME COURT: judgment.

Plaintiff's judgment will remain undisturbed, the court below making the proper order to delay its collection during the pendency of defendant's claim. That it is competent to so order, see Revision, sections 3536, 3122, 3123.

Plaintiff will pay the costs of the appeal, and ultimately the court below will make such a disposition of the entire costs as may seem just and equitable.

Reversed.