Ford v. Clinton.

---

## Ford v. Clinton.

Stamp: APPEAL. The action of the District Court in dismissing the appeal, in a case appealed from a justice of the peace to the District Court, for the reason that no revenue stamp was attached to any of the papers, until after the expiration of the time prescribed by statute for taking appeals, though before the commencement of the term of the appellate court, was held erroneous.

*Appeal from Pottawattamie District Court.*

Wednesday, June 24.

Appeal : stamps. — The defendant appealed to the District Court from the judgment of a justice of the peace

against him.   The appeal bond was filed within the twenty days.   Neither the bond, transcript, notice or any paper connected with the appeal was stamped within twenty days from the rendition of the justice's judgment.   More than five days prior to the term of the District Court, to which the appeal was taken, the defendant's attorney appeared in the clerk's office, and, finding the transcript of the justice had been certified up and not stamped, he affixed, or caused the clerk to do so, a stamp of the proper amount, which the clerk canceled, and he paid to the clerk the docket fee, and the transcript was then for the first time marked filed by the clerk, and the cause duly docketed.

In the District Court, the plaintiff moved to dismiss the appeal, because no revenue stamp was placed upon any paper connected with the appeal within the twenty days allowed by law for the taking of the appeal.

On the hearing, the facts above stated appeared, whereupon the motion was sustained and the appeal dismissed. From this ruling of the District Court, the present appeal is taken.

*Mynster & Hight* for the appellant.
(Who contended that the stamp law as to appeals and judicial process is void.)

*Clinton & Sapp* for the appellee.
(No argument on file.)

DILLON, Ch. J. — It is our opinion that the District Court erred in dismissing the appeal.   In this result, the members of this court concur.

A portion of the court rest this opinion upon the unconstitutionality of the act of congress, so far as it undertook to impose stamp duties upon judicial process and proceedings in the State courts; and a portion of the

court, upon the distinction which exists between the facts of the present case and the facts of the prior cases in this court, in which it was ruled, that the appeal should be dismissed because the requisite stamp had not been affixed in time. As that part of the stamp law involved in the present case is no longer in force, it is not deemed necessary to enter into a general discussion of the grounds of our judgment.

Reversed.