Syllabus.

## D. W. DAILEY v. JAMES COKER.

1. The provision of the United States revenue laws which prohibits the admission of unstamped instruments in evidence has especial reference to the courts of the United States, and not to State courts; and the State courts do not reject an instrument as evidence because it was not stamped when executed, unless it is being used, unstamped, with intent to defraud the United States Government.

2. When the omission to stamp an instrument appears to have been the result of an innocent accident, or of inability to procure the proper stamp, the practice of the State courts is to allow the stamp to be affixed and cancelled in open court, when the instrument is offered in evidence.

3. In a suit in a district court of this State on an instrument executed in this State in 1863, at which time it was impossible for the maker to procure the proper stamp, the court below allowed the plaintiff, at the trial of the cause, to affix and cancel the stamp in open court, and then to use the instrument as evidence. *Held*, that there was no error in the ruling.

4. This was a suit for the value of certain tobacco delivered by plaintiff to defendants in 1863. The defendants' receipt was for " two boxes of tobacco, one weighing mark 113, one ditto 63," for which the defendants promised to account; which receipt was the only evidence adduced to prove the quantity of the tobacco. *Held*, that the " weighing marks " may have been merely descriptive of the boxes, or may have denoted the gross weight of the boxes and their contents, but could not, without explanation, establish the net weight of the tobacco; and hence the receipt does not suffice to support a verdict and judgment for the plaintiff.

5. When a pleading filed by one of the parties litigant was stricken out on motion of the other party, and was not read to the jury, admissions contained in it will not avail to support a verdict in favor of the party at whose instance it was stricken out.

APPEAL from Karnes. Tried below before the Hon. J. B. Carpenter.

The facts of the case are clearly stated in the opinion of the court.

*C. A. Russell*, for the appellant.

*L. S. Lawhon*, and *Chandler & Carleton*, for the appellee.

OGDEN, J.—On the trial of this cause in the district court the defendant below objected to the reading in evidence to the jury the receipt sued on, because the same was not stamped as required by the revenue laws of the United States, and thereupon the plaintiff asked and obtained leave of the court for that purpose, and then in open court attached to said receipt the United States revenue stamp required by law and again offered to read the receipt in evidence to the jury, and defendants again objected, because the receipt had not been stamped in the manner required by law. Defendant's objections were overruled by the court, and the receipt read to the jury, to which defendant excepted, and now assigns the ruling of the court as error. The act of Congress passed June, 1864, section 344, reads as follows: "No deed, instrument, document, writing or paper required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted as evidence in any court, until a legal stamp or stamps shall have been affixed thereto." And the same statute affixes a heavy penalty to the signing or issuing or using any such paper without a sufficient stamp, with intent to evade the revenue laws. This statute has been the subject of judicial decision in most of the States of the Union, and these decisions have been remarkable for their uniformity in the conclusion that the prohibition to receiving such paper or writing in evidence had especial reference to the courts of the United States, and not to the State courts (Carpenter v. Snelling, and Linch v. Morse, 97 Mass. R., 452 ; Beebe v. Hutton, 47 Barb., 187); and that though the State courts might hold that law binding upon them, yet they will not declare a written instrument void, and reject it as evidence, without a stamp, unless such instrument is being used unstamped

with an intent to defraud the government. (Harper v. Clark, 17 Ohio R., 190; 24 Iowa, 355.)

And though a party may be indicted and punished in the United States Courts, for using or attempting to use an unstamped instrument, with intent to evade the United States revenue laws, yet it has been decided in most of the Northern States that an instrument in writing without a stamp is not absolutely void, especially when the omission to stamp can be shown to be the result of innocent accident or inability to procure the necessary stamp. In such cases it has been the rule to allow the party, who wishes to use the written instrument in evidence, to attach the stamp to the instrument in open court, and then cancel it in the presence of the court. (17 Ohio R., 190; Ford v. Clinton, 25 Iowa, 157; 47 Barb., 194; 97 Mass. R., 458; Hallock v. Jaudin, 34 Cal., 167; Toby v. Chapman, 13 Allen, 123.) The receipt in question was executed in 1863, when it was impossible for the maker to procure the necessary stamps. But on the trial he brought his receipt into court and stamped it by leave of the court, and after the receipt had been properly stamped, and the stamp cancelled by order of the court, it was properly admitted in evidence to the jury.

There is, however, a fatal defect in the receipt that cannot be cured by presumption. The receipt reads as follows :

" Received, Helena, 15 August, 1863, of James Coker two boxes of tobacco, one weighing, mark, 113, one do., 63, which we promise to account for the same.

" D. W. DAILY,<br>
" D. HODGES."

This receipt was wholly insufficient to establish what quantity, or indeed that any tobacco was delivered. It is true it says two boxes of tobacco, but that is too indefinite to establish anything before a jury, and the remainder of the receipt does not make it more definite. The weighing mark, 113 and 63, might have re-

XXXIII—52

ferred to the description of the box, or the gross weight of box and tobacco, but certainly could not, without an explanation, refer to the weight of the tobacco.    And this receipt was all the evidence before the jury in regard to the quantity of the tobacco, and this could not support a verdict or judgment.    It is suggested by counsel that the defendant's amended answer admitted the receipt of one hundred and fifty pounds; but it should be recollected that the amended answer was stricken out on motion of plaintiff, and was not read to the jury at all, and could not be the foundation for a verdict.    The defendant in his assignment of errors makes no complaint of the ruling of the court in striking out his amended answer, but it is believed that there may have been and probably was error in the ruling of the court in that particular.    If the tobacco was deposited by the plaintiff with the defendants, or defendant, for sale on commission or otherwise, with the specific instruction to sell for " Confederate money," and the defendant, in compliance with those instructions, did sell for Confederate money, and further, if the plaintiff agreed to receive Confederate money for the tobacco, when sold, then he should be bound by his contract, and under proper pleadings should be held responsible for all the consequences.    Again, if plaintiff deposited the tobacco with defendant for sale on commission, then the judgment for interest is excessive.    But these facts must be determined by the evidence. The judgment is reversed and the cause remanded.

Reversed and remanded.