EIKENBERRY & Co. v. EDWARDS.

1. **Practice**: EVIDENCE: CONTRADICTING WITNESS AS TO IRRELEVANT MATTERS. A witness cannot be discredited by contradicting his statements as to irrelevant matters.

2. ———: EXCEPTING TO INSTRUCTIONS GIVEN: WHAT IS SUFFICIENT. Where the charge consisted of fifteen instructions, and at the time when it was given the defendant caused an exception to be entered in the following words: " To the giving of each and every instruction the defendant duly excepts," *held* that defendant, under such exception, was entitled, on appeal to this court, to present his objections to any of the instructions, though he admitted that some of them were correct. *Hawes v. Burlington, C. R. & N. R'y Co.*, 64 Iowa, 315, followed.

3. ———: INSTRUCTING AS TO ESTOPPEL WHEN NOT PLEADED: ERROR

NOT CURED. In this case no estoppel was pleaded, and certain evidence offered by plaintiffs, and afterwards claimed by them to establish an estoppel, was relevant to the issues as they stood, and was admitted without objection on the part of defendant. Plaintiffs' counsel went outside of the issues and argued to the jury that the defendant was estopped by the evidence referred to, to which defendant's counsel did not object or reply; and the court instructed the jury that if they found certain facts to be established by the evidence the defendant would be estopped. *Held* that it was error so to instruct; that if the evidence tended to prove an estoppel it was not admissible for that purpose, because there was no such issue; that the error was not waived by defendant's failure to object to that evidence when offered, or his failure to object to the argument of counsel on the subject; and that it was not cured by plaintiffs' filing a reply, after verdict, pleading as an estoppel the facts which the evidence tended to prove, because on such issue defendant had not been heard, and could not properly have been heard, on the issues tried.

4. **Estoppel in Pais:** DEFINITION: FACTS NOT CONSTITUTING. In order to constitute an estoppel *in pais,* the party pleading it must have been induced by the representations relied upon to so change his relations that he will suffer prejudice if the party who made them is permitted to assert the contrary. In view of this definition, *held* that an instruction to the effect that if defendant believed that his signature to the note in question was a forgery, but concealed that fact from the plaintiffs, and gave them to understand that it was genuine, and requested them to bring suit upon it against the makers, including himself, and they acted on this request, employed counsel and instituted the suit, he would be estopped from denying the genuineness of the signature, could not be sustained.

5. **Principal and Agent:** RATIFICATION: INSTRUCTION. An instruction given in this case (see opinion) considered and *held* to have been given with the intention of presenting the question of estoppel, and not of ratification; or, if designed to present the question of ratification, it is erroneous, because it omits some of the essential elements of ratification, and takes from the jury the determination of defendant's purpose and meaning in the acts relied upon as constituting a ratification.

### *Appeal from Appanoose District Court.*

THURSDAY, SEPTEMBER 24.

ACTION ON A PROMISSORY NOTE. There was a verdict and judgment for plaintiffs, and defendant appeals.

*H. L. Dashiel, W. A. Nichols* and *George D. Porter,* for appellant.

*Stewart Bros., T. B. Perry* and *Tannehill & Fee,* for appellees.

REED, J.—The note sued on purports to be signed by T. S. Sharp & Co., T. S. Sharp, D. M. Miller, Henry Miller, Lewis Miller and defendant. By its terms it was payable to the Monroe County Bank, or order. Written on the back is what purports to be an assignment of the instrument by the bank to plaintiffs, and a guarantee of payment. Defendant's name is signed to this writing as president of the bank. He answered under oath, denying the genuineness of both signatures. In a reply filed before the trial was commenced plaintiffs allege that the note was assigned to them by the bank for a valuable consideration, and that defendant acted for it in making such assignment, and that he thereby warranted the genuineness of the signatures of the makers, and that he was estopped by these facts from denying the genuineness of his signature to the note.

I.    Plaintiffs reside and do business at Chariton, and the persons whose names are signed to the note reside at Albia. One of the plaintiffs testified that D. M. Miller wrote to his firm requesting them to make a loan of $2,500 to T. S. Sharp & Co., and that in obedience to this request he went to Albia, where he met Miller and the defendant, Edwards, and negotiated with them with reference to said loan, in the course of which they proposed that he should accept as security a mortgage on a certain brick building in Albia, belonging to Sharp & Co., but that he declined to accept such security for the reason that the building was then covered by mortgages amounting to $4,000; that they then proposed that he should accept personal security, and stated that the persons whose names are signed to the note in suit would sign a note for

1. PRACTICE: evidence: contradicting witness as to to irrelevant matters.

the amount of the loan; and that it was then agreed that they would procure the parties named to sign a note for the amount, which should be made payable to the Monroe County Bank, and that it would ·assign the same to plaintiffs and guaranty its payment, and that plaintiffs would pay over the money when the note was delivered to them, and that the note was subsequently sent to them, and they sent the money to the Monroe County Bank, of which defendant was presi-dent and Miller was cashier.

Defendant testified in his own behalf, denying that he was present at any such negotiation as testified to by plaintiff, or that he ever promised to sign said note, or that he had any knowledge of such transaction until long after the note was delivered to plaintiffs. He was then asked whether there was any mortgage on the brick building, referred to by plaintiff in his testimony, at the time the note purports to have been given. This question was objected to by plaintiffs as imma-terial, and the objection was sustained. The same question was asked other witnesses, and excluded on the same ground. These rulings are assigned as error by defendant. These questions were asked with a view of contradicting the state-ment of plaintiff that the building was mortgaged at the time of the negotiation, and thereby discrediting his testi-mony. The statement was, however, quite immaterial. The material question in the case was whether defendant's signa-ture to the note was genuine. Plaintiff testified to a nego-tiation in which he claimed that defendant agreed to sign it. In the course of his testimony he stated, as a reason why he declined to accept a mortgage on the building, that it was already mortgaged. But, in determining whether defendant signed or agreed to sign the note, the reason which influ-enced plaintiff to decline to accept the mortgage security would be entitled to no consideration whatever. The state-ment would doubtless have been excluded entirely if a motion to exclude it had been made. It was not relevant to the isssue, or to any fact which was relevant. And the rule is

well settled that a witness cannot be discredited by contradicting his statements as to irrelevant matters. 1 Greenl. Ev., § 462; *Nelson v. Chicago, R. I. & P. R'y Co.*, 38 Iowa, 564; *Clark v. Reiniger*, 66 Id., 507.

II: There was evidence tending to prove that, in a conversation which took place between the parties before the suit was instituted, defendant requested plaintiff to bring suit against all the makers of the note, including himself, and that the suit was instituted in pursuance of this request, and that defendant did not claim at that time that his signature to the note was a forgery. As applicable to the state of facts which this evidence tended to prove, the court gave the following instruction: "If you find that the defendant believed said note to be a forgery as to the signature, and concealed said fact from plaintiffs, but gave them to understand that it was genuine, and requested and induced the plaintiff to employ counsel and bring suit on the note against all the makers, including himself, you are instructed, that, if the plaintiffs acted upon said request of the defendant, and did employ counsel and bring suit upon said note, under the above state of facts the defendant would now be estopped from denying said signature to be his genuine signature, and your verdict should be for the plaintiffs."

Defendant assigns the giving of this instruction as error. Two grounds of objection are urged against the instruction: (1) That an estoppel arising out of the facts stated in the instruction was not pleaded; and (2) that said facts do not constitute an estoppel. Plaintiffs contend, however, that we cannot consider these questions, for the reason that no sufficient exception to the instruction was taken by defendant in the district court. The charge to the jury consisted of fifteen instructions, and at the time it was given the defendant caused an exception to be entered in the following words: "To the giving of each and every instruction the defendant, J. A. Edwards, duly excepts." Some of the instructions are now admitted to be correct, and plaint-

2. ——: excepting to instructions given: what is sufficient.

iffs' position is that the exception is not sufficiently specific to raise an objection as to any one of them. We had occasion to consider the question raised by this objection in the case of *Hawes v. Burlington, C. R. & N. R'y Co.*, 64 Iowa, 315, and we held in that case that under the present statute an exception in substantially the same form was sufficiently specific, and that under it the appellant was entitled to present his objections to any one of the instructions. That the rule contended for by plaintiffs formerly obtained is certainly true. But, as pointed out in the case cited, the practice was modified by the Code of 1873.

Coming, then, to the first objection urged against the instruction, we have to say that it is well settled under our practice that a party is not entitled to introduce evidence tending to prove an estoppel unless he has specially pleaded the facts constituting such estoppel. See *Ransom v. Stanberry*, 22 Iowa, 336; *Phillips v. Van Schaick*, 37 Id., 236; *Folsom v. Star Union Freight Line*, 54 Id., 498.

3. ———: instructing as to estoppel when not pleaded: error not cured.

Plaintiffs do not deny that this is the rule. They contend, however, that the error was waived by defendant by permitting the evidence which tended to prove the facts stated in the instruction to be introduced without objection, and by permitting plaintiffs' counsel, without objection, to argue to the jury that he was estopped by said facts to deny the genuineness of his signature. Also that the error was cured by an amended reply, which they (plaintiffs) were permitted to file after the verdict was returned, in which the facts stated in the instruction were pleaded as constituting an estoppel. But we are of the opinion that the error was not waived. The evidence which tended to prove said facts was relevant to the issue as it stood at the time it was offered. It tended to prove the conduct and statements of defendant with reference to the subject of the controversy. It had some tendency to prove the genuineness of his signature to the note, and was competent evidence to prove that fact. There was no

objection, then, which he could have urged successfully against its admission under the issue as then formed by the pleadings; and he was not called upon to contradict the statement of plaintiffs' counsel in his argument to the jury, that he would be estopped to deny the genuineness of his signature by the facts stated in the instruction, if they were proven. He might rely upon the court to instruct the jury correctly as to the questions which they were to determine, and he certainly could not be prejudiced by his failure to object to the act of his adversary in claiming more than he was entitled to claim under the pleadings. We are also of opinion that the error was not cured by the amendment to the reply. The question submitted to the jury by the instruction was one which the parties were not entitled, under the pleadings, to have determined by the jury. They were not entitled to be heard upon that question, and defendant was not heard upon it. His counsel did not argue it, but confined himself, as we are bound to presume, to a discussion of the questions arising under the pleadings. If the amended reply has the effect to cure the error, it follows that the defendant is now concluded as to a material question in the case upon which he has never been heard, and upon which he has never had the right to be heard. It seems to us too clear for argument that such a result cannot be attained under a correct administration of the law.

We come now to the second objection urged against the instruction. The jury were told by the instruction that if defend-**4. ESTOPPEL in pais : definition : facts not constituting.** ant believed that his signature to the note was a forgery, but concealed that fact from plaintiffs, and gave them to understand that it was genuine, and requested them to bring suit upon it against the makers, including himself, and they, acting on this request, employed counsel and instituted the suit, he would be estopped from now denying the genuineness of the signature. The effect of an estoppel *in pais* is to preclude the party from asserting a strict legal right, on the ground that his assertion of

such right, under the circumstances of the case, would be against equity and good conscience. The doctrine is applied to prevent the injustice which would result if one were permitted to deny the truth of a former representation, when by that representation he has induced another to so change his position with reference to the subject of the representation as that he would be damaged by the denial of its truth. It is an essential element to an estoppel *in pais* that the party had been induced by the former representations to so change his relation that he will suffer prejudice if the one who made them is permitted to assert the contrary, and it seems to us that this element is not included in the instruction. It is said that by instituting suit on the note plaintiffs incurred a liability for the costs and expenses of the suit, and that they will be prejudiced to that extent if defendant is permitted to deny the truth of the representations. The ready answer to this claim, however, is that he did not in any legal sense change his relation by instituting the suit. He did not by that act part with any interest or waive any rights; but, with reference to the note and the makers, his rights and interests remained precisely as they were before the suit was instituted. And whatever liability he incurred arose out of his effort to enforce his rights, and not out of any change in his relations.

III. Counsel for plaintiffs contend that the instruction can be approved on the ground that the facts stated in it, if

**5. PRINCIPAL and agent: ratification: instruction.** proven, would show a ratification by defendant of the act of signing his name to the note. It is clear, however, from the language of the instruction that it was the intention of the court to submit to the jury the question of estoppel, and we think some of the essential elements of a ratification are omitted from it. One may become bound by a contract which another, without authority, has assumed to make in his name, by knowingly accepting its benefits, or by failing to repudiate it within a reasonable time after he is fully informed of the act. He may also become bound by giving his assent to it, or by an express

promise subsequently made to perform the contract. In the one case the law conclusively presumes a ratification from the circumstances; in the other, the party is bound because he gives his consent to the act. No facts are stated in the instruction from which the law will presume a ratification. Defendant might have believed that his signature was a forgery, and yet not have had full information on the subject. It cannot be said, as matter of law, from the facts stated, that he failed to repudiate the act within a reasonable time after he acquired full information as to the facts of the transaction. and an assent to the act, or a promise to perform the contract, is not necessarily implied from the request to institute suit on the note. It was for the jury to say whether defendant intended to give his assent to the act, or whether he meant, by the request to plaintiff to bring suit upon the note, that he recognized it as binding upon him. · The instruction, however, does not leave it to them to determine his purpose or meaning, but tells them, in effect, that if the request is proven the conclusion that he is liable follows necessarily. We think, therefore, that the instruction cannot be approved, either upon the theory that the facts stated create an estoppel, or that they amount to a ratification.

Other questions are argued by counsel, but in the view we have taken we do not regard them as material. The judgment is reversed, and the cause remanded for a new trial.

REVERSED.