THE LAWYERS CO-OPERATIVE PUBLISHING COMPANY, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1086. Argued November 30, 1936.—Decided April 30, 1937.

*Francisco Vizcarrondo* for petitioner. Respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner herein, on the 27th of March 1936, obtained a judgment in the Municipal Court of San Juan, against Rafael Padró Parés. On April 6, 1936, the defendant appealed to the district court, and eventually filed the transcript of the pleadings, motions, orders, and final judgment with the secretary of the district court on June 1, 1936. There were no readings of the court calendar during the months of June and July, and on the 13th of August 1936,

the appellant filed a motion with the secretary to have his appeal entered on the calendar to be read on the 15th of the same month and year. It appears from the record before us that the five dollar revenue stamp required by law (Act No. 17 of March 11, 1915, p. 45), to be affixed and canceled on the entering of a case on the calendar, was not so affixed and canceled, until October 22, 1936.

On October 13, 1936, the appellee in the lower court, filed a motion to dismiss the appeal on the ground that the appellant had done nothing to have his case entered on the calendar as is expressly required by the provisions of section 3 of Act No. 31 of 1934, p. 292, with regard to civil appeals from municipal courts, to the effect that "the appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case . . . (b) if the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal, imposing the costs on the appellant; . . . "

The lower court refused to dismiss the appeal on the authority of the case of *Córdova* v. *Baquero,* 47 P.R.R. 103, wherein we held that the possible omission of a party to affix the requisite amount of stamps to a process of the court did not render that process absolutely void but only voidable. The case is now before us on certiorari to review the court's action.

In the *Córdova* case, *supra,* one of the parties, evidently at the request of the marshal, affixed $3 in stamps to the document in question. The contention was that $4 should have been paid. We held, primarily, that the $3 actually paid was sufficient to cover the fees required by law. The opinion also discusses the case, where by inadvertence, the clerk permits the filing of a pleading without the necessary stamp, and subsequently discovers the omission or deficiency. The implication from the opinion, then, is that if the party

corrects such omission within a reasonable time upon request of the secretary or clerk, the pleading should be considered valid. The opinion more or less assumes good faith.

We come then to the case actually before us. There is nothing in the record to show the motives of Padró Parés. Must the burden fall upon the objecting party to prove the lack of good faith on the part of the other? The decision relied upon by the lower court expressed a sound principle, but its application must be more clearly defined.

In other parts of the United States, a similar problem has arisen under the various Federal Internal Revenue Statutes. Both under the Federal statutes of 1864 and 1898, however, provision was made for the inadmissibility of unstamped documents in evidence, only when it was shown that the stamp had been omitted with intent to evade the revenue laws. Although most of the states declared those statutes inapplicable to state courts, yet those that held them to be binding upon them, refused to declare a written instrument void, and to reject it as evidence without a stamp, unless it appeared that the instrument was not stamped with an intent to defraud the government. *Harper* v. *Clark,* 17 Ohio St. 190; 24 Iowa 355; *Dailey* v. *Coker,* 33 Tex. 815; 7 Am. Rep. 279; *Whitley* v. *Leeds,* 27 How Prac. 378 (N. Y.). Many cases have held that when it is shown that the omission of a stamp is the result of an innocent accident or inability to procure such a stamp, the instrument is not absolutely void and a stamp may be affixed in open court. *Ford* v. *Clinton,* 25 Iowa 157; *Hallock* v. *Jandin,* 34 Cal. 167. See note on page 51 of Vol. 7, American Reports. The case of *Rhenistrom* v. *Cone,* 26 Wis. 163, 7 Am. Rep. 48, contains a good analysis as to the burden of proving the intent to defraud the Government. Then again, the consideration arose by reason of the federal revenue acts which, as we have seen, have a qualification that unstamped instruments shall be void only "when the omission be with intent to evade the law."

The pertinent section of our statute reads:

"Section 6.—That each and every document or instrument required by this Act to bear an internal revenue stamp or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto."

Section 2 of the Act provides, in its schedule of fees payable to secretaries, as follows:

"Section 2.—. . . . .

"C.—For entering a case on the calendar and setting the same for trial_____ $5. 00."

Section 6, *supra,* refers to instruments and documents, while section 2, par. *C,* refers to an *act* or *action* to be taken by the secretary, namely "entering a case on the calendar and setting it for trial." One may interpret subdivision *C, supra,* as requiring a stamp to be affixed to the motion for inclusion in the calendar and so bring that provision within the purview of section 6, since the *"motion"* would be an instrument or document. This seems to be the practice followed by the bar in general.

Under the law in force it seems to us that the person objecting to the admissibility of a document or attacking it as null and void, needs but prove that it lacked the stamps. Once he has done that, if any presumption exists, it should be entertained in his favor. The burden of persuasion, if not of proof, should be upon the party neglecting to affix the stamp, to justify his omission, or to show that it was made by mistake, or through inability to obtain the stamp. Where a party has affixed a certain portion of the required stamps and merely incurs, through error, in partial default, this may be taken into consideration as evidence tending to show good faith on his part, supposing that good faith is enough. But in any event, he should be required to make a prima facie showing of good faith, by filing an affidavit of merits, by testimony, or otherwise.

454

In the case before the court, the record discloses no action on the part of the appellant below (beyond affixing the stamp to his motion more than two months after filing), which would tend to show his original good faith.

Supposing then that the appellant could avoid a dismissal by showing good faith there is nothing before us having such a trend.

The order of the district court of the 6th of November 1936, refusing to dismiss the appeal from the municipal court should be annulled, and the appeal dismissed.

Mr. Chief Justice Del Toro took no part in the decision of this case.