THE LAWYERS COOPERATIVE PUBLISHING COMPANY, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandada.

Núm. 1086.—*Sometido:* Noviembre 30, 1936.   *Resuelto:* Abril 30, 1937.

*Francisco Vizcarrondo,* abogado de la peticionaria; el juez demandado compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La peticionaria en este recurso obtuvo sentencia en la Corte Municipal de San Juan contra Rafael Padró Parés el 27 de marzo de 1936. El 6 de abril del mismo año el demandado apeló para ante la corte de distrito y eventualmente radicó la transcripción de las alegaciones, mociones, órdenes y sentencia final ante el secretario de la corte de distrito el primero de junio del referido año. No hubo lectura del calendario durante los meses de junio y julio, y el 13 de agosto de 1936, el apelante radicó una moción ante el secretario solicitando que su apelación se incluyera en el calendario que iba a leerse el día 15 del mismo mes y año.

De los autos que tenemos a la vista se desprende que el sello de rentas internas de $5 que por ley (núm. 17 de marzo 11, 1915, pág. 45), debe adherirse y cancelarse al incluir la causa en el calendario, no fué adherido y cancelado hasta el 22 de octubre de 1936.

En octubre 13, 1936, el apelado en la corte inferior radicó una moción para desestimar el recurso fundándose en que el apelante no había hecho nada para incluir la causa en el calendario conforme requieren expresamente las disposiciones de la sección 3 de la Ley núm. 31 de 1934 (pág. 293), en lo referente a las apelaciones civiles interpuestas de las cortes municipales al efecto de que "El apelante deberá solicitar la inclusión del pleito en el calendario o lista de señalamientos civiles, en la primera lectura que del mismo haya de celebrarse subsiguientemente a la radicación del caso . . . . . (b) Si el apelante dejase de solicitar la inclusión del pleito en el calendario, el juez de distrito declarará desierto el recurso, imponiéndole las costas . . . ."

La corte inferior se negó a desestimar el recurso basada en el caso de *Salas* v. *Baquero*, 47, D.P.R. 108, 113, en que resolvimos que la posible omisión de una parte de adherir los sellos requeridos en un procedimiento judicial no hacía que tal procedimiento fuera absolutamente nulo, sino solamente anulable. El recurso se halla ahora ante nos a virtud de un *certiorari* para revisar la actuación de la corte inferior.

En el caso de Salas, supra, una de las partes, evidentemente a instancias del márshal, adhirió $3 en sellos de rentas internas al documento en cuestión. La contención era que debieron haberse pagado $4. Resolvimos primordialmente que los $3 efectivamente pagados eran suficientes para cubrir los derechos requeridos por la ley. La opinión también discute el caso, en el cual, por inadvertencia, el Secretario permite el archivo de una alegación sin el sello requerido y más tarde averigua la omisión o deficiencia. La deducción que de la opinión debe entonces hacerse es que si

la parte corrige tal omisión dentro de un tiempo razonable, a instancias del secretario de la corte, la alegación debe considerarse como válida. La opinión asume más o menos la buena fe.

Llegamos entonces al caso que tenemos ante nos. Nada hay en los autos que demuestre los motivos que tuvo Padró Parés. ¿Debe incumbir a la parte que se opone probar la falta de buena fe por parte de la otra? La decisión en que se basó la corte inferior expresó un principio sabio, más su aplicación debe ser más claramente definida.

En otras partes de los Estados Unidos ha surgido un problema similar bajo los varios estatutos federales de rentas internas. Sin embargo, tanto bajo el estatuto federal de 1864 como bajo el de 1898, se dispuso algo respecto a la inadmisibilidad en evidencia de documentos sin sellos, sólo cuando se demostraba que la estampilla había sido omitida con la intención de eludir la Ley de Rentas Internas. Aunque la mayoría de los estados declaró que esos estatutos no eran aplicables a las cortes estaduales, no obstante aquéllos que resolvieron que sí les obligaban, se negaron a declarar nulo un documento escrito y a rechazarlo como prueba, sin el sello, a no ser que se desprendiese que al documento no se le adhirió la estampilla con la intención de defraudar al gobierno. *Harper* v. *Clark,* 17 Ohio St. 190; 24 Iowa 355; *Dailey* v. *Coker,* 33 Tex. 815; 7 Am. Rep. 279; *Whitley* v. *Leeds,* 27 How. Prac. 378 (N.Y.). Muchos casos han resuelto que cuando se demuestra que la omisión del sello es el resultado de un accidente casual o de la inhabilidad de obtener el mismo, el documento no es enteramente nulo y el sello puede ser adherido en corte abierta. *Ford* v. *Clinton,* 25 Iowa 157; *Hallock* v. *Jaudin,* 34 Cal. 167. Véase la nota a la página 51 del Tomo 7, American Reports. En el caso de *Rheinstrom* v. *Cone,* 26 Wis. 163; 7 Am. Rep. 48, se hace un buen análisis del peso de la prueba en cuanto a la intención de defraudar al gobierno. Una vez más la cuestion surgió con motivo de las leyes de rentas internas federales, las

que, conforme hemos visto, tienen la limitación de que los documentos en que no se adhieran sello de rentas internas serán nulos tan sólo "cuando la omisión se haga con la intención de evadir la ley."

La sección pertinente de nuestro estatuto lee:

"Sección 6.—Todos y cada uno de los documentos o escritos que por esta ley se requiere lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos."

La sección 2 de la ley provee, en su arancel de los derechos que deberán pagarse a los secretarios, lo siguiente:

"Sección 2.—    .    .    .    .    .    .    .    .    .

"C.—Por entrar una causa en el calendario y señalarla para juicio_____ 5.00."

La sección 6, supra, se refiere a documentos y escritos, mientras que la sección 2, párr. C, se refiere a un acto o actuación del secretario, o sea, "entrar una causa en el calendario y señalarla para juicio". Uno podría interpretar el inciso C, supra, en el sentido de que exige que se adhiera un sello a la moción en que se solicita la inclusión de una causa en el calendario y hacer así que esa disposición caiga dentro de los preceptos de la sección 6, toda vez que la "moción" sería un documento o escrito. Esta parece ser la práctica seguida por la profesión en general.

De acuerdo con la ley en vigor nos parece que la persona que se oponga a la admisión del documento o que lo ataque de nulidad, sólo necesita probar que carecía de los sellos de rentas internas. Una vez que ha hecho esto, de existir alguna presunción, la misma debe hacerse en su favor. El peso de la persuación, por no decir de la prueba, debe recaer sobre la parte que deja de adherir el sello, para justificar su omisión o para demostrar que ello se debió a un error o por inhabilidad de obtenerlo. Cuando una persona ha adherido cierta parte de los sellos requeridos y meramente incurre, por inadvertencia, en un incumplimiento parcial,

esto puede tomarse en consideración como prueba tendente a demostrar la buena fe de su parte, suponiendo que ésta baste. Pero sea ello como fuere, debe exigírsele que presente un caso prima facie de buena fe, radicando un *affidavit* de méritos, presentando prueba al efecto, o en alguna otra forma.

En el caso que está ante la corte los autos no revelan actuación alguna por parte del apelante en la corte inferior (fuera de adherir el sello a su moción más de dos meses después de radicada), que tienda a demostrar su buena fe original.

Suponiendo entonces que el apelante pudiera evitar la desestimación demostrando buena fe, nada hay ante este Tribunal que revele tal tendencia.

*La resolución de la Corte de distrito de 6 de noviembre de 1936, negándose a desestimar la apelación procedente de la corte municipal, debe ser anulada y dicha apelación desestimada.*

El Juez Presidente Señor del Toro no intervino.